The PENNSYLVANIA INSURANCE COMPANY, Plaintiff,

v.

ALLSTATE INSURANCE COMPANY, J. H. Barlow and Leo E. Humphrey, Defendants.

Civ. A. No. 591.

United States District Court
W. D. Virginia,
Lynchburg Division.

Jan. 24, 1964.

S. J. Thompson, Jr., Caskie, Frost, Davidson & Watts, Lynchburg, Va., for Pennsylvania Ins. Co., plaintiff.

Henry M. Sackett, Jr., Williams, Robertson & Sackett, Lynchburg, Va., for defendant Allstate Ins. Co.

Joseph L. Lyle, Jr., Hickson, Davies & Lyle, Lynchburg, Va., for defendant J. H. Barlow.

Irvin D. Sugg, South Boston, Va., for defendant Leo E. Humphrey.

MICHIE, District Judge.

The Pennsylvania Insurance Company (hereinafter called "Pennsylvania") issued to J. H. Barlow a manufacturers and contractors liability insurance policy covering the premises upon which Barlow operated a gasoline service station. The policy provided, among other things, that Pennsylvania would pay within the policy limits all sums which the insured might become legally obligated to pay as damages because of bodily injury, sickness or disease sustained by any person by accident arising out of the owner's maintenance or use of the premises and the operations thereon. The limits of liability under the policy were for bodily injury $10,000 for each person and $20,000 for each accident. The policy also provided that the insurance company would defend any suit against the insured seeking damages for any such injury, even though the suit were groundless, false or fraudulent.

Paragraph 15 of the conditions of the policy provided as follows:

"If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declaration bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

At the same time the defendant Allstate Insurance Company (hereinafter called "Allstate") issued a similar policy with the same limits of coverage and including the same paragraph 15 as that found in the Pennsylvania policy.

While these policies were in effect one Leo E. Humphrey was allegedly injured by accident while on Barlow's service station premises and employed an attorney and is claiming that Barlow is liable to him for such injuries. The complaint of Pennsylvania in this Federal Court action alleges that it is probable that Humphrey will file a suit for personal injuries against Barlow in the near future.

The defendant Allstate has denied coverage under its policy and has advised Barlow that it will take no action with respect to any claims made or suits filed against him.

█ Pennsylvania thereupon instituted this suit for a declaratory judgment to the effect that Allstate's policy to Barlow afforded coverage to Barlow and that Pennsylvania's liability to Barlow is for only one-half of the loss sustained by Barlow within the policy limits and that the limit of plaintiff's liability with respect thereto is $5,000.

Allstate thereupon filed a motion to dismiss the suit filed by Pennsylvania for lack of jurisdiction on the ground that the amount in controversy does not exceed the sum of $10,000. And Barlow has filed a cross-claim against Allstate alleging that he is entitled to full coverage under the Allstate policy of $10,000 for each person injured.

The contentions of the insurance companies appear to be, (1) on the part of Pennsylvania that because of the additional policy taken out with Allstate the coverage of $10,000 for an injury to any person for which Barlow paid Allstate has been reduced to $5,000 and (2) the contention of Allstate presumably is the same. Both of these positions are taken largely upon the theory that the clause above quoted had the effect of reducing the two $10,000 policies to two $5,000 policies and that therefore there cannot be more than $5,000 plus costs involved to either party. The clause relied upon by the companies is quoted above but is worth requoting at this point:

"If the insured has other insurance against a loss covered by this policy the Company shall not be liable under this policy for a greater proportion of such loss than the applicable limit of liability stated in the declarations bears to the total applicable limit of liability of all valid and collectible insurance against such loss."

The clause limits the liability of each company to the "proportion of such loss that the applicable limit of liability of each bears to the total limit of liability". The total limit of liability of all valid and collectible insurance against such loss is obviously $20,000. In the event of a judgment against Barlow of $20,000 or under, the quoted clause limits the liability of each company to one-half of the judgment plus one-half of the costs. If the judgment is for more than $20,000 the limit of liability of each company is obviously $10,000 plus its share of the costs.

By no reasonable construction can the two policies on both of which premiums for a $10,000 limit have been paid be cut down so that a man who has paid premiums for $20,000 of insurance gets only $10,000 of insurance.

I therefore believe that the two policies clearly involved the possibility of a $10,000 loss to each insurance company plus the expense of defending the suit which clearly makes more than $10,000 involved for each company.

█ However, it is probably true that whether Allstate escapes liability altogether involves less than the jurisdictional amount as far as Pennsylvania is concerned. For if Humphrey's recovery against Barlow is for more than $20,000 (a) if both companies are liable on their policies each would pay only $10,000 (the maximum under each policy) plus its one-half of the costs; (b) if only Pennsylvania is liable, it would still pay only $10,000 plus, however, the entire costs. So the only thing involved would be one-half of the costs, and it is hardly conceivable that they would reach the jurisdictional amount. On the other hand, if the recovery is for less than $20,000, say $19,500, (a) if both companies are liable each would pay $9750 plus its share of

the costs while (b) if only Pennsylvania is liable it would pay at most its $10,000 coverage plus all the costs. The difference to Pennsylvania would be the difference between $9750 and $10,000, its maximum liability, plus one-half of the costs. And the smaller the judgment the greater the difference to Pennsylvania but the difference could never exceed $10,000.

The foregoing is looking at the matter only from the point of view of Pennsylvania. On the other hand, from the point of view of the defendant, Allstate, which contends that it is not liable at all, the jurisdictional amount is clearly involved. For if it is liable and the judgment against Barlow is for $20,000 or more, its liability would be for $10,000 plus the costs or at least its share of the costs.

■■ There is quite a conflict of authority, however, as to whether the amount in controversy should be determined from the standpoint of the plaintiff alone or from the standpoint of the defendant if the jurisdictional amount is not involved from the standpoint of the plaintiff but is involved from the standpoint of the defendant. Judge Dobie was a strong supporter of the view that the jurisdictional amount should be considered from the viewpoint of the plaintiff alone. 38 Harv.L.Rev. 733. And a number of courts have followed this view. In fact, in Purcell v. Summers, 126 F.2d 390 at p. 394, with Judge Dobie sitting on the case, the Court of Appeals for the Fourth Circuit said: "It is well settled that the measure of jurisdiction in a suit for injunction is the value to plaintiff of the right which he seeks to protect." But if the distinguished author of that opinion, Judge Parker, meant to imply that the amount involved from the defendant's point of view could not be considered as a ground of jurisdiction then the statement becomes pure dictum as the amount involved in that case was the same to both the plaintiff and the defendant. There is, however, other authority to the same effect.

But still other courts have taken the contrary point of view, holding that, if the jurisdictional amount is not involved so far as the plaintiff is concerned, jurisdiction nevertheless attaches if the requisite amount is involved from the defendant's point of view. See Ronzio v. Denver & R. G. W. R. R., C.A.10th, 116 F.2d 604; Ridder Bros. v. Blethen, C.A.9th, 142 F.2d 395; and Doggett v. Hunt, D.C., 93 F.Supp. 426, appeal dismissed C.A.5th, 199 F.2d 152.

As said in Charles Alan Wright's "Federal Courts" at p. 100:

"Other lower courts have declined to follow Dean Dobie, and have found jurisdiction if from the viewpoint of either plaintiff or defendant, more than the statutory amount was involved. In one such case individuals sued a railroad to quiet title to water rights. It was stipulated that the rights in question were worth less than the jurisdictional amount to plaintiffs, but worth far more than the jurisdictional amount to the defendant railroad. The court upheld jurisdiction, saying: 'In determining the matter in controversy, we may look to the object sought to be accomplished by the plaintiffs' complaint; the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce.' [10] A number of lower court cases are to the same effect,[11] and this seems the desirable rule, since the purpose of a jurisdictional amount, to keep trivial cases away from the court, is satisfied where the case is worth a large sum to either party.[12] "

I do not believe the cases cited by the attorney for Allstate are in point. They seem to me to be cases in which the liability on the policy had previously been found to be less than $10,000. Thus in Continental Casualty Company v. Aetna Casualty Company, D.C., 200 F. Supp. 528, the accident out of which liability on the part of one or both of the insurance companies arose had actually been settled by one of them for $6,000, rejecting a contention that the amount involved was to be determined by the

limits of the policies rather than the actual liability as ascertained. And likewise in Nationwide Mutual Insurance Company v. Fidelity & Casualty Company of New York, 286 F.2d 91 (C.A.3d 1961) the underlying accident had been settled for $5,000 and only that was held to be the amount involved in the contest between the insurance companies as to which should pay. No such situation is involved here.

The petition of Allstate to dismiss this action will therefore be denied.