FARMERS INSURANCE COMPANY, INC., Plaintiff-Appellee,

v.

Lantz McCLAIN, Administrator of the Estate of Gary Watson, deceased, Defendant Below.

Appeal of Marianne MONTGOMERY, Defendant.

No. 77–2094.

United States Court of Appeals, Tenth Circuit.

Aug. 17, 1979.

Scott T. Knowles, Tulsa, Okl. (Ray H. Wilburn, Tulsa, Okl., on the brief), for plaintiff-appellee.

Allen B. Mitchell, Sapulpa, Okl., for Marianne Montgomery, defendant-appellant.

Before HOLLOWAY and McWILLIAMS, Circuit Judges, and MILLER, Judge.*

McWILLIAMS, Circuit Judge.

This is a declaratory judgment action brought by Farmers Insurance Company pursuant to 28 U.S.C. § 2201 to determine its duties and obligations under a policy of automobile insurance issued by it to one Dan F. Montgomery. The policy insured a 1972 Dodge Colt automobile. Dan Montgomery granted one Gary Watson permission to operate the 1972 Dodge Colt. While driving the Dodge Colt, Gary Watson was involved in an accident wherein he was killed, and a passenger, one Marianne Montgomery, was severely injured. On the date of the accident Marianne Montgomery and Gary Watson were living together in the same household as common-law husband and wife.[1]

Marianne Montgomery later brought suit in the District Court of Creek County, State of Oklahoma, against Lantz McClain, the Administrator of the Estate of Gary Watson, alleging negligence on the part of Gary Watson and seeking damages for the personal injuries suffered in the accident.

Farmers Insurance, a Kansas corporation, then brought suit in the United States District Court for the Northern District of Oklahoma against Lantz McClain, the Administrator of the Estate of Gary Watson, and Marianne Montgomery, seeking a declaratory judgment that it had no liability under the policy of insurance that it had issued Dan Montgomery. The named defendants are both citizens of Oklahoma. Jurisdiction was based on diversity of citizenship and it was alleged that the "matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.00." Attached to the complaint was a copy of the insurance policy issued to Dan Montgomery by Farmers.

As stated, Dan Montgomery was the named insured. Under the definition of "insured," the term "insured" included any other person using the Dodge Colt with permission of the named insured. It is agreed that Gary Watson was using the Dodge Colt at the time of the accident with the permission of Dan Montgomery, the named insured.

The policy provided for bodily injury liability in the amount of $10,000 per person. The policy also provided that in addition to the applicable limits of liability Farmers would pay all expenses incurred by Farmers, all costs taxed against the insured in any defendant suit, and a pro rata share of post-judgment interest.

The defendants in the declaratory judgment proceeding, i. e., Lantz McClain, Administrator of the Estate of Gary Watson, and Marianne Montgomery, both filed motions to dismiss on the ground that the amount in controversy did not exceed $10,000, and that accordingly there was a lack of federal jurisdiction. These motions were denied. Farmers Insurance then filed a motion for summary judgment on the ground that under a provision of the policy known as the household exclusion clause, Farmers is not obligated to pay *any* judgment which Marianne Montgomery might have against the Administrator of the Estate of Gary Watson.[2] The trial court granted this motion and entered summary judgment in favor of Farmers. Marianne Montgomery appeals.

---

* Hon. Jack R. Miller, United States Court of Customs and Patent Appeals, sitting by designation.

1. Marianne Montgomery is presumably related to the named insured, Dan F. Montgomery. However, the record does not disclose the nature of any such relationship. In any event, it is agreed that on the date of the accident Marianne Montgomery was living in the same household with Gary Watson as his common-law wife.

2. The household exclusion clause in the policy reads as follows:

This policy does not apply under Part 1:

    *    *    *    *    *    *

(12) to the liability of any insured for bodily injury to (a) any member of the same household of such insured except a servant, or (b) the named insured; . . . .

The first matter urged on appeal is that the trial court lacked jurisdiction inasmuch as Farmers' obligation under its policy was limited to $10,000 coverage per person for bodily injury. This argument, in our view, misconceives the extent of Farmers' obligation under its policy with its named insured, Dan Montgomery.

28 U.S.C. § 1332 provides that United States District Courts shall have original jurisdiction of all civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $10,000, exclusive of interest or costs . . . ." The phrase "exclusive of interest or costs" in section 1332 obviously refers to interest or costs which might be awarded in connection with the federal diversity proceedings. In other words, in determining whether the matter in controversy between citizens of different states exceeds $10,000, possible interest or costs that might be allowed in connection with the federal action should not be considered.

The general rule applicable to the present controversy is set forth in 6A Moore's Federal Practice ¶ 57.23 at 57–244, 245 (2d ed. 1974) as follows:

> The amount in controversy is determined as in other types of civil litigation requiring a jurisdictional amount. Where an insurer denies his obligations under a liability insurance policy on the theory either that the accident was not within the coverage of the policy or that such policy was void, the amount in controversy is measured by the injured third party's bona fide claim against the insured, unless this exceeds the maximum limit of the policy, *in which event the amount in controversy is the maximum limit of the insurer's liability under the policy.* (Emphasis added.)

In the instant case, Marianne Montgomery made claim in the state court against Lantz McClain, the Administrator, for an amount in excess of $275,000. Such claim far exceeds the maximum limit of Farmers' liability under the terms of its policy with Dan Montgomery. In such event, under the rule set forth above, the amount here in controversy is Farmers' potential liability under the terms of the policy.

It is true that there is a limitation in the policy of automobile insurance here under consideration of $10,000 per person for bodily injury. Such is not, however, the *total* obligation of Farmers. In addition, Farmers is also obligated to pay, *inter alia,* all expenses incurred in defending the claim against its insured and all costs which may be assessed against its insured.[3] For cases holding that costs incurred, or incurrable, in state proceedings may be considered as a part of the amount in controversy in a federal proceeding, see *Penn. Ins. Co. v. Allstate Ins. Co.,* 226 F.Supp. 99 (W.D.Va. 1964). *Cf., Heavner v. State Auto. Ins. Co.,* 340 F.Supp. 391, 393 (W.D.Va.1972); *Matthews v. Allstate Ins. Co.,* 194 F.Supp. 459, 462–63 (E.D.Va.1961); *Allstate Ins. Co. v. Dillard,* 190 F.Supp. 111, 112 (E.D.Pa.1960). Clearly, the additional obligations of Farmers under its policy of insurance cause the amount in controversy in this proceeding to *exceed* $10,000.

On the merits of the controversy, it would appear to be quite clear that under the household exclusion clause, Farmers is not obligated to pay any judgment whatsoever that Marianne Montgomery might obtain against Gary Watson's administrator. The exclusion is clear and unambiguous and provides that the policy does not apply "to the liability of *any* insured for bodily injury to (a) any member of the same household of *such* insured except servants, or (b) the *named* insured." (Emphasis added.) It is agreed that Gary Watson, though not the named insured, was nonetheless an insured under the terms of the policy. Thus the term "any insured" appearing in the household exclusion was clearly intended to be applicable to permissive users as well as the named insured. It is also agreed that at the time of the accident Marianne Montgomery was Watson's common-law wife

3. At oral argument it was agreed that the insured had already incurred *some* expense in connection with the pending state court proceeding.

and was a member of his household. The exclusion obviously fits the present fact situation. Summary judgment in favor of Farmers was in order.

Judgment affirmed.