**STATE FARM MUTUAL INSURANCE COMPANY, an Illinois corporation, Plaintiff–Appellant,**

v.

**Charles SCHWARTZ; Glenda Schwartz, Individually and as Mother and Next Friend of Carla Schwartz, Mark Schwartz, and David Schwartz, Defendants–Appellees.**

**Oklahoma Farmers Union Mutual Insurance Company, Amicus Curiae.**

No. 89–6290.

United States Court of Appeals, Tenth Circuit.

May 13, 1991.

Don Manners, Michael Mannes, William J. Molinsky, Jr., and Orlando M. Hernando, Oklahoma City, Okl., for plaintiff-appellant.

David A. Davis and John L. Collinsworth, Oklahoma City, Okl., for defendants-appellees.

Mort G. Welch of Abowitz & Welch, Oklahoma City, Okl., for amicus curiae.

Before MCKAY and MOORE, Circuit Judges, and BROWN, District Judge.[*]

JOHN P. MOORE, Circuit Judge.

State Farm filed this action in district court seeking a declaratory judgment that it is not obligated to defend or indemnify Glenda Schwartz in an Oklahoma state court action filed against her by her children. The children brought suit against their mother alleging that her negligent driving resulted in their injury. The district court granted summary judgment in

---

* Honorable Wesley E. Brown, United States Senior District Court Judge for the District of Kansas, sitting by designation.

favor of the Schwartz children, holding that the "household exclusion" in their parents' State Farm insurance policy, denying coverage for bodily injury to any insured or member of the insured's household, violated the public policy of Oklahoma under the state's compulsory automobile liability insurance law. The court held that State Farm is therefore liable to defend and indemnify Glenda Schwartz against her children's lawsuit. We affirm.

## I. Background

The parties stipulated: 1) the insurance policy covering the automobile involved in the accident was in full force; 2) the policy excludes from coverage damages "[f]or any bodily injury to: ... c. any insured or any member of the insured's family residing in the insured's household" [the household exclusion at issue here]; 3) the policy defines "insured" as: "1. you [Charles Schwartz, in this case]; 2. your spouse; 3. the relatives of the first person named in the declarations [Charles Schwartz is the only named insured]; 4) the policy defines "relative" as: "a person related to you or your spouse by blood, marriage, or adoption who lives with you. It includes your unmarried and unemancipated child away at school;" and 5) the Schwartz children are relatives for the purposes of this policy. We review a summary judgment order de novo and apply the same legal standard used by the district court under Fed.R. Civ.P. 56(c). *Osgood v. State Farm Mut. Auto. Ins. Co.*, 848 F.2d 141, 143 (10th Cir.1988).

The issue in this case is straightforward: whether the district court erred in determining that the household exclusion in the Schwartz' insurance policy with State Farm contravenes the public policy established by Oklahoma's compulsory liability insurance law. In reviewing the district court's decision, we are faced with the difficult task of divining a coherent state policy from an ambiguous statute, directly conflicting positions announced in dicta in several state court opinions, and the persuasive authority of the public policies of other states with compulsory liability insurance laws.

## II. Conceptual Analysis

Conceptually, there are two ways to analyze this issue: 1) whether the policy definition of the children as "insureds" precludes recovery, or 2) whether the household exclusion in the policy offends Oklahoma public policy. First, taking notice of the fact that the Schwartz children are defined as "insureds" in the policy, and the fact that according to the policy "insureds" may not recover for bodily injury under the liability provisions, one could argue that under *Looney v. Farmers Ins. Group*, 616 P.2d 1138, 1141 (Okla.1980), the children, as "insureds," are not covered by the insurance policy. This resolution would avoid reaching the difficult public policy question of the validity of the household exclusion.

However, there are flaws in this rationale. First, the claimant in *Looney*, as the spouse of the policyholder, was defined in the policy as a "named insured." In the present case the children are defined within the class of the "insured." *Id.* at 1139 n. 2. While the linguistic distinction between a "named insured" and an "insured" may not be significant, it does point to a more serious problem. The spouse of the policyholder is much more likely than the children of the policyholder to be a true, consenting party to the contract. It is highly unlikely that household members such as minor, unemancipated children will have consented, or are legally able to consent, to the terms of the insurance contract.[1] In *Young v. Mid-Continent Casualty Co.*, 743 P.2d 1084, 1088 (Okla.1987), the court

---

1. *See Mutual of Enumclaw Ins. Co. v. Wiscomb,* 97 Wash.2d 203, 643 P.2d 441, 446 (1982) (citations omitted), distinguishing "named insureds" from children excluded from coverage by a household exclusion, reasoning that:

    [t]hose named insureds could then intelligently choose to add the exclusion, with an adjustment in their premiums reflecting any decreased risks, or retain the coverage at the higher premium rate. Under any circumstances, exclusion clauses which purport to deny coverage to children of the insured or any person not a party to the insurance contract are violative of this state's public policy.... The family or household exclusion clause violates this state's public policy of assuring compensation to the victims of negligent and careless drivers.

distinguished parties to the contract from those "innocent victims" the Act intended to protect. *Id.* at 1087–88. The *Young* court noted that this conclusion was consistent with *Looney* because, in essence, a "named insured" is simply another name for a party to the contract.

In the present case, the district court properly pointed out that under Oklahoma law, Okla.Stat.Ann. tit. 15, § 11 (West 1983), children are incapable of contracting, and, in addition, simply because they are third party beneficiaries does not make them contracting parties. Okla.Stat.Ann. tit. 15, § 29 (West 1983). Logic supports this conclusion as well.

Adopting *Young*'s division of the world into two populations: innocent victims and parties to the contract, *and* remembering that parental immunity has been abrogated in automobile injury cases in Oklahoma, *Unah By and Through Unah v. Martin*, 676 P.2d 1366 (Okla.1984), it would undermine *Unah* for parents and their insurance company to be able to prevent suits against the parents by their children by simply defining the children as "insureds."

Also, assuming for the moment that the household exclusion does contravene Oklahoma public policy, the contracting parties should not be able to accomplish the same results as would a household exclusion by simply defining all parties they would like to exclude from coverage as "insureds." For these reasons, we follow the second conceptual path. Our quest will therefore be to analyze whether the household exclusion violates Oklahoma public policy.

III. Public Policy

Oklahoma's compulsory liability insurance law states in relevant part:

> On and after January 1, 1983, every owner of a motor vehicle registered in this state, other than a licensed used motor vehicle dealer, shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage *sustained by any person* arising out of the ownership, maintenance, operation or use of the vehicle.

Okla.Stat.Ann. tit. 47, § 7–601(B) (West 1988) (emphasis added). Also, as mentioned above, Oklahoma has abrogated parental immunity from suit to allow a child's action for negligence arising from an automobile accident to the extent of the parent's automobile insurance. *Unah*, 676 P.2d at 1369–70.

Since passage of the Compulsory Liability Insurance Act (the Act) in 1976, Oklahoma courts have invalidated several insurance policy exclusions as contrary to the public policy established by the Act. In *Young*, 743 P.2d at 1087–88, the Oklahoma supreme court held an age exclusion (no liability coverage if the operator was under age twenty-five and not a relative of the insured) violated the public policy. The *Young* court reached this result by concluding the legislative intent underlying the Act was to mandate that "any vehicle operated on the highways of Oklahoma be secured against liability to innocent victims of the negligent operation or use of the insured vehicle." *Id.* at 1088. *Young* also cited that portion of the Act requiring coverage for loss "sustained by any person" as further support for its conclusion. *Id.* at 1087, 1088.

In *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947, 952 (Okla.1987), the Oklahoma supreme court held that a geographical exclusion (policy did not cover travel outside a two hundred mile radius) also contravened the public policy of the Act, holding that "when liability insurance is issued in compliance with compulsory insurance laws, statutory policy *at the very minimum* requires coverage for all actionable claims which may arise within the state." *Id.* (emphasis in original). The *Equity* court noted in dictum, mischaracterizing the holding of *Looney*, that, unlike the geographical exclusion, the household exclusion would comply with Oklahoma public policy under the Act because "[t]he purpose of the law is to shield the public, not members of the named insured's household." *Id.* 747 P.2d at 953.

The *Young* and *Equity* discussions of the household exclusion are at best per-

suasive dicta because they dealt with other types of exclusions. *Looney* is closer to the facts of the present case because it indirectly involved a household exclusion as well as an exclusion prohibiting recovery by one of the insured parties. *Id.* at 1139 n. 2.[2] The *Equity* court stated that *Looney* determined the household exclusion did not violate public policy in Oklahoma. This is a questionable characterization of *Looney* because the court there based its decision in favor of the insurance company upon the fact that the claimant was a named insured. The court simply did *not* base its decision on the validity of the household exclusion; indeed, the court stated, "[t]he appellant was more than a mere member of the family of the *insured;* she was the *insured.* Her relationship with the defendant Looney surpasses mere household member status." *Id.* at 1141 (emphasis in original). However, the *Looney* court unfortunately obscured the exact basis for its holding by expressing agreement with this court's treatment of household exclusions in *Farmers Ins. Co. v. McClain,* 603 F.2d 821 (10th Cir.1979).

*McClain* was a declaratory judgment action filed to determine whether the insurance company was obligated to defend and indemnify the policyholder for torts committed in his automobile against a member of his family. The policy in question contained a household exclusion. The *McClain* court held that the explicit terms of the policy (i.e., the household exclusion) relieved the insurance company from its duty to defend and indemnify the policyholder. *Id.* at 823.

The court's reference to *McClain* is not helpful, however, because the *McClain* court did not consider the validity of the household exclusion in the context of the compulsory liability insurance law.[3] This consideration undermines *Looney* as prece-

dent for the question before us. We are constrained to conclude that the discussion of the household exclusion in *Looney* is also nonbinding dictum.

Finally, the Oklahoma supreme court in *Unah,* in the context of partially abrogating parental immunity, stated,

> [w]e can no longer countenance the legal anomaly where two minor children, negligently injured in the operation of a motor vehicle, one of them a stranger, could recover compensation for his injuries and the other one, a minor child of the operator of the vehicle, could not. Today, where all other passengers in a car are mandatorily protected by liability coverage it is unfair and against public interest to deprive an unemancipated minor the benefit of recovery.

*Id.* at 1370. As dictum, this discussion is also of scarce precedential value in determining the validity of the household exclusion in Oklahoma, but it nonetheless demonstrates clear public policy preferences that assist us in determining the scope of the comprehensive liability insurance law.

To summarize, Oklahoma courts have presented us with four opinions adopting contradictory positions in dicta bearing on the validity of the household exclusion. The *Young* and *Unah* opinions make a strong argument for affirming the district court in this case. The *Equity* and *Looney* opinions, however, appear to urge an opposite conclusion. Since Oklahoma case law is contradictory, we must look elsewhere for guidance.

Many states have addressed the issue of whether household exclusions are valid in the context of a compulsory liability insurance law. These states have almost uniformly held that the household exclusion is contrary to the public policy created by

---

**2.** The policy in *Looney* contained the following provisions:

Definition of Named Insured. If the insured named in Item 1 of the Declarations is an individual, the term named insured includes his spouse, if a resident of the same household.

This policy does not apply to ... (12) the liability of any insured for bodily injury to (a)

any member of the same household of such insured except a servant, or (b) the named insured.

*Id.* at 1139 n. 2.

**3.** It is unclear from *McClain* whether the accident there occurred prior to the enactment of the Act in 1976 or the issue was simply not raised by the parties.

compulsory liability insurance laws.[4] Most state courts that have addressed this issue but which have not explicitly ruled that the household exclusion violates public policy, are states without compulsory liability insurance laws.[5] Thus, our review leads us to conclude the overwhelming majority of states that have addressed this issue have determined, under various lines of reasoning, that the household exclusion violates public policy created by compulsory liability insurance laws.

One of the most common lines of reasoning in these cases leading to invalidation of the household exclusion, and the logic used by the *Young* and *Unah* courts in Oklahoma, holds that:

> [compulsory liability insurance] legislation embodies a public policy that innocent victims of the negligent operation of motor vehicles should be compensated for their injuries. The perspective which this public policy adopts is that of the innocent victim rather than that of the insurer or the insured tort-feasor.

*Young*, 743 P.2d at 1087 (footnotes omitted). *Young* noted that this interpretation of legislative intent is also consistent with the explicit statutory requirement of the Act that every driver have security to cover losses sustained by "any person." *Id.*

We believe that this position, combined with the passage we have quoted from *Unah*, best harmonizes the language of the Act, the legislative intent expressed by the Oklahoma courts, and the overwhelming trend among other jurisdictions in finding the household exclusion contrary to public policy in compulsory liability insurance states.[6] Therefore, we hold the district court did not err in granting summary judgment in favor of the Schwartz children because the household exclusion in their parents' insurance policy contravened the public policy of Oklahoma under the Act.

AFFIRMED.

---

**4.** See *Beacon Ins. Co. of Am. v. State Farm Mut. Ins. Co.*, 795 S.W.2d 62, 64 (Ky.1990); *Stepho v. Allstate Ins. Co.*, 259 Ga. 475, 383 S.E.2d 887, 888 (1989) (household exclusion invalid if broader than common law tort immunity); *Government Employees Ins. Co. v. Ropka*, 74 Md.App. 249, 536 A.2d 1214, 1218, *cert. denied*, 312 Md. 601, 541 A.2d 964 (1988) (household exclusion invalid only to extent of statutorily required minimum insurance amount); *State Farm Mut. Auto Ins. Co. v. Mastbaum*, 748 P.2d 1042, 1044 (Utah 1987) (household exclusion invalid only to extent of statutorily required minimum insurance amount); *Farmers Ins. Group v. Reed*, 109 Idaho 849, 712 P.2d 550, 552 (1985); *Meyer v. State Farm Mut. Auto. Ins. Co.*, 689 P.2d 585, 589–90 (Colo.1984); *Dowdy v. Allstate Ins. Co.*, 68 Or. App. 709, 685 P.2d 444, 449 (1984); *Transamerica Ins. Co. v. Royle*, 202 Mont. 173, 656 P.2d 820, 824 (1983); *Allstate Ins. Co. v. Wyoming Ins. Dept.*, 672 P.2d 810, 813–16 (Wyo. 1983); *DeWitt v. Young*, 229 Kan. 474, 625 P.2d 478, 482 (1981); *Bishop v. Allstate Ins. Co.*, 623 S.W.2d 865, 866 (Ky.1981); *State Farm Mut. Auto. Ins. Co. v. Traycik*, 86 Mich.App. 285, 272 N.W.2d 629, 631 (1978); *Estate of Neal v. Farmers Ins. Exchange*, 93 Nev. 348, 566 P.2d 81, 83 (1977); *Hughes v. State Farm Mut. Auto. Ins. Co.*, 236 N.W.2d 870, 885–86 (N.D.1975); *Jordan v. Aetna Casualty and Sur. Co.*, 264 S.C. 294, 214 S.E.2d 818, 820 (1975).

**5.** *See, e.g., Faraj v. Allstate Ins. Co.*, 486 A.2d 582, 585–86 (R.I.1984); *State Farm Mut. Auto. Ins. Co. v. Suarez*, 104 Ill.App.3d 556, 60 Ill.Dec. 305, 309, 432 N.E.2d 1204, 1208 (1982).

Appellant cites *Southern Guaranty Ins. Co. v. Preferred Risk Mut. Ins. Co.*, 257 Ga. 355, 359 S.E.2d 665 (1987), and various other cases in support of its assertion that the household exclusion has "long enjoyed judicial support." Appellant's Brief in Chief, at 15. However, each of these decisions have been either overturned or limited to their facts by subsequent decisions. *See* cases cited in footnote 4. Arizona and Indiana appear to be the only states which have upheld the household exclusion in the face of a compulsory liability insurance law. *State Farm Mut. Auto. Ins. Co. v. Transport Indem. Co.*, 109 Ariz. 56, 505 P.2d 227, 230 (1973); *Transamerica Ins. Co. v. Henry*, 563 N.E.2d 1265 (Ind.1990). California has adopted a somewhat qualified acceptance of the household exclusion by allowing an insurer to exclude from coverage any person insured under the policy. *Farmers Ins. Exch. v. Cocking*, 29 Cal.3d 383, 173 Cal.Rptr. 846, 847–48, 628 P.2d 1, 2–3 (1981).

**6.** We do not decide the question of whether household exclusions are compatible with Oklahoma public policy to the extent they operate only above the statutorily required minimum insurance amount.