Shane CROWNOVER, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellee,**

and

**Christopher Todd Gates, Defendant.**

No. 84475.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 3, 1995.

Rehearing Denied Nov. 7, 1995.

Certiorari Denied Feb. 28, 1996.

Steven R. Hickman, Tulsa, for Appellant.

Gail W. Harris, Tulsa, for Appellee.

## *OPINION*

HUNTER, Presiding Judge:

Appellant, a young man residing in his parents' household, sustained injuries as a result of a one-car wreck which occurred while he was a passenger in his own car. Appellant had permitted his friend, Defendant Gates, to drive. Appellant's parents had insurance policies with State Farm for their own vehicles and one for Appellant's vehicle. Appellant sued Gates and State Farm to recover damages for his injuries. A judgment was entered against Gates in the amount of $40,000.00, $10,000.00 of which was paid by State Farm, reflecting the limits of uninsured motorist coverage on the one policy covering his vehicle. State Farm then filed a motion for summary judgment stating that it was not liable for payment of any of the remaining $30,000.00 because the insurance policy they allege was issued to him contained a household exclusion for the liability coverage and because Appellant's parents' policies had exclusions preventing stacking of the uninsured motor coverage for relatives residing in the household who own their own vehicles. The facts being undisputed, the court granted summary judgment in favor of Appellee. Appellant filed a motion for new trial which the court denied.

We first address the propriety of the court's ruling on the household exclusion insofar as the liability insurance. The policy that covered Appellant's vehicle contained this exclusion:

THERE IS NO COVERAGE:

2. for any bodily injury to:

c. any insured or any member of the insured's family residing in the insured's household.

Oklahoma enacted the "Compulsory Liability Insurance" laws in 1976. Among other things, there is a requirement that motor vehicle owners, with certain exceptions, "maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damages sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle." 47 O.S.Supp.1983 § 7–601(B). The law also provides that excess or additional coverage above the minimum amount of coverage required is not subject to the provisions of the Compulsory Insurance Law. 47 O.S.Supp.1983 § 7–600.1(B). Based on the clear language of this enactment, we find State Farm violates the public policy of this State, when it attempts to contractually exclude liability coverage.

In *Young v. Mid–Continent Casualty Co.,* 743 P.2d 1084, 1088 (Okl.1987), the Court found that "the intent of the Legislature embodied in 47 O.S.1981 § 7–601, to be the requirement that any vehicle operated on the highways of Oklahoma be secured against liability to innocent victims of the negligent operation or use of the insured vehicle." In the *Young* case, the liability exclusion ran to drivers of the insured vehicle under the age of 25.

The Oklahoma Supreme Court continues to view household exclusions vis-a-vis liability coverage as violative of public policy. In *Nation v. State Farm Insurance Co.,* 880 P.2d 877, 878 (Okl.1994), the Court held that under the facts of that case, the Plaintiff could recover the statutorily mandated minimum amount of liability insurance. The facts revealed that Michael George was driving a vehicle he had borrowed. Mr. George fell asleep at the wheel, a wreck ensued, and his minor son was killed. The car's owner and Mr. George both had liability insurance policies with State Farm. The policies con-

tained the same household exclusion as is found in the case at hand. The Court held, at 878, that "upon the facts of this case the household exclusion is invalid insofar as it attempts to defeat the legislature's mandate of a minimum amount of liability insurance coverage available for persons in the position of the deceased passenger here."

■ The Court upheld the household exclusion in *Looney v. Farmers Insurance Group*, 616 P.2d 1138 (Okl.1980). However, *Young v. Mid–Continent Casualty Co.*, 743 P.2d 1084 (Okl.1987) held such exclusions were valid only where the injured party was a "named insured." Appellant was not a named insured. As applied to Appellant, the household exclusion of liability coverage violates the public policy of Oklahoma. We reverse the trial court's grant of summary judgment on this issue and, because we sit as a court of first instance on cases where the facts are presented in documentary form only, we may enter the judgment the court should have entered. *Loffland Brothers Company v. Overstreet*, 758 P.2d 813, 817 (Okl.1988).

We reverse the grant of summary judgment and remand the case with directions to the court to enter judgment for Appellant, against State Farm in the amount of $10,-000.00 under the liability coverage of the policy covering his vehicle.

■ We also find merit in Appellant's second contention. Appellee argues that the policies held by his parents denied uninsured motorist coverage to relatives, living in the household, who owned their own cars. We find no such exclusion under the uninsured motorist coverage in the policies attached to the motion for summary judgment. State Farm attached to its response to Appellant's motion for new trial, an exhibit which purportedly excluded uninsured motorist coverage under the parents' policies, for any relative who owns a car. This document was not presented to the trial court on the motion for summary judgment and cannot now be considered. The trial and appellate courts must rest their judgments "on the record which is

then before the court rather than on one that could have been assembled." *Frey v. Independence Fire and Casualty Co.*, 698 P.2d 17, 20 (Okl.1985).[1]

We also reverse the court's grant of summary judgment in favor of Appellee in which it found that State Farm was not liable to Appellant on the uninsured motorist coverage of his parents' policies and on remand direct that judgment be entered in favor of Appellant in the amount of $10,000.00 on each of the two policies under that coverage.

Appellant's motion for oral argument is denied.

REVERSED AND REMANDED WITH DIRECTIONS.

HANSEN, J., concurs.

ADAMS, J., concurs in result.

---

1. Even if the indorsement had been presented to the trial court with the motion for summary judgment, it would be against the public policy of Oklahoma to exclude uninsured motorist for an insured under the liability policy. 36 O.S.1991 § 3636(A), (B).