1999 OK CIV APP 86

**Jamie I. RUSH, Next of Kin and Personal Representative of the Estate of Eileen B. Williams, Deceased, Plaintiff/Appellee,**

v.

**Suanne BROWN, Special Representative of the Estate of Billy Joe Williams, Deceased, Defendant,**

and

**Oklahoma Farm Bureau Mutual Insurance Company, Garnishee/Appellant.**

No. 92,485.

Court of Civil Appeals of Oklahoma, Division No. 3.

June 21, 1999.

As Corrected July 1, 1999.

Jeffrey A. King, Brian J. Goree, Secrest, Hill & Folluo, Tulsa, Oklahoma, For Appellant.

Gregory J. Crawford, Oklahoma City, Oklahoma, For Appellee.

### *OPINION*

GARRETT, Judge:

¶ 1 Eileen B. Williams and Billy Joe Williams, husband and wife, were in an automobile accident on July 7, 1995. Billy Joe was driving and Eileen was a passenger.

Their car collided with a train, resulting in both of their deaths. Appellee, Jamie I. Rush, Personal Representative of Eileen's Estate, filed a wrongful death action on behalf of her mother, Eileen B. Williams, against Defendant, Suanne Brown, Special Representative of Billy Joe Williams' Estate. Rush and Brown are the children of Billy Joe and Eileen B. Williams. The parties reached an agreed judgment, which was filed on August 11, 1995, in the wrongful death action in favor of Rush, as Personal Representative of Eileen's Estate, in the amount of $100,000.00. It was agreed Rush would file a garnishment action against Appellant, Oklahoma Farm Bureau Mutual Insurance Company (Garnishee), the Williams' automobile insurance carrier, to execute on the judgment. It was agreed the parties would then file motions for summary judgment on the issue of insurance coverage. Rush also agreed not to seek or execute on any portion of the judgment remaining unpaid by Garnishee against Brown as Special Representative of Billy Joe's Estate.

¶ 2 Garnishee denied liability under a policy exclusion for liability coverage for bodily injury incurred by the named insured or a family member. Rush argued such exclusion is void as against public policy. Garnishee and Rush filed cross motions for summary judgment. On January 12, 1999,[1] the trial court's order was filed, sustaining Rush's motion and overruling Garnishee's motion. This appeal followed.

¶ 3 In its order filed January 12, 1999, the trial court stated:

This Court is of the opinion that it was the intent of the legislature to protect innocent victims of negligent operation or use of the automobiles when the Financial Responsibility law was enacted. This Court further finds that the intent was to provide a minimum of protection and that the exclusionary clause in question has the effect of limiting the insurer's liability to an innocent victim and finds the clause violative of public policy. Accordingly, Garnishee's Motion should be and is Or-

dered overruled and Plaintiff's Motion should be and is Ordered sustained and judgment is entered for Plaintiff and against Garnishee in the sum of $10,000.00.

¶ 4 In support of her motion for summary judgment, Rush argued:

1. The family member exclusion in Oklahoma Farm Bureau's Automobile policy is void and not enforceable.

2. Rush is entitled to $100,000.00, the policy limits of the insurance policy.

3. In the alternative, Rush is entitled to $10,000.00, the statutory minimum amount of coverage.

¶ 5 Garnishee argued in its motion for summary judgment:

1. A liability policy may exclude coverage to a named insured.

2. Garnishee's named-insured exclusion does not violate any public policy of the State of Oklahoma.

¶ 6 The policy definition of the term "family member" is defined as "a person related to you by blood, marriage or adoption who is a resident of your household. This includes a ward or foster child." Under the "Liability Coverage" portion of the policy, the following is included under the section on "Exclusions":

B. We do not provide Liability Coverage:

1. For bodily injury incurred by **you** or a **family member**.

The Declarations page of the liability insurance policy shows as the named insured: Billy J. or Eileen Williams.

¶ 7 Garnishee argued the "named insured" exclusion has been held to be valid under Oklahoma law, citing *Looney v. Farmers Insurance Group*, 1980 OK 111, 616 P.2d 1138. In that case, the injured claimant was a passenger and spouse of the named insured under the liability policy. She was not specifically named as an insured under the policy, but she came within the household exclusion as the spouse of the named insured. The Supreme Court decided the exclusion should be upheld,[2] basing its decision on the

---

1. A Court Minute was first filed on December 21, 1998, adjudicating the motions.

2. The Court opined that excluding claimant from coverage under the policy did not deny her equal protection under the law. The Court stated a

standards set forth in 47 O.S.1981 § 7–324, part of Oklahoma's Financial Responsibility law. Since then, however, the Supreme Court has retreated from the reasoning in *Looney*, as made evident in *Young v. Mid–Continent Cas. Co.*, 1987 OK 88, 743 P.2d 1084, 1088.

¶ 8 The injured claimant in *Young* was the cousin of a named insured under the policy. The cousin did not reside in the insured's household and was under the age of 25, and because of this, came within a policy exclusion. The trial court found the exclusion was against public policy and void because it conflicted with 47 O.S.1981 § 7–601 (since amended).[3] The Supreme Court affirmed the trial court because it found the claimant was an innocent victim, who was not a party to the contract, to whom the Legislature intended to afford a minimum of protection. By redefining the legislative purpose of § 7–601, the Supreme Court in *Young*, supra, invalidated the basis of its reasoning in *Looney*, supra. The Court conceded *Looney* was decided under the premise that § 7–324 (relating to the Oklahoma Financial Responsibility Act provisions), which allowed exclusions, governed the allowable exclusions under § 7–601 (relating to Oklahoma's compulsory liability coverage), which provides security against loss sustained "by any person". The Court stated in *Young*, at 743 P.2d 1084, 1087:

> Insofar as *Looney* indicated that section 7–324 is the proper statute for determining exclusion validity under the provisions of Article VI, which has established a compulsory liability insurance requirement in Oklahoma, that language is expressly disapproved.

¶ 9 In *Young*, the Supreme Court discussed the Legislative intent of 47 O.S.1981 § 7–601 (since amended), Oklahoma's compulsory liability insurance statute, at 1987 OK 88, 743 P.2d 1084, 1088:

> We find the intent of the Legislature embodied in 47 O.S.1981 § 7–601, to be the requirement that any vehicle operated on the highways of Oklahoma be secured against liability to innocent victims of the negligent operation or use of the insured vehicle. We do not necessarily find that this intent is so broad as to eliminate all possible bargaining regarding liability exclusions which may be contained in the required liability insurance policies. ***However, we find this intent to require a minimum of protection to any party who is not a party to the contract.*** Because the exclusionary clause in question has the

governmental goal was achieved by the exclusion, since the purpose of the statutes is to protect the public, and the primary purpose of the family-household exclusion is to protect the insurer against collusive or friendly lawsuits.

**3.** 47 O.S. Supp.1993 § 7–601, the statute applicable to the present case and currently in effect, provides:

B. On and after January 1, 1983, every owner of a motor vehicle registered in this state, other than a licensed used motor vehicle dealer, shall, at all times, maintain in force with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle registered in this state which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage.

C. 1. On and after September 1, 1993, unless otherwise provided by law, no motor vehicle shall be operated in this state unless there is in effect with respect to such vehicle security for the payment of loss resulting from the liability imposed by law for bodily injury, death and property damage sustained by any person arising out of the ownership, maintenance, operation or use of the vehicle. Every person, while operating or using a motor vehicle in this state which is not owned by such person, shall maintain in force security for the payment of loss resulting from the liability imposed by law for bodily injury, death or property damage sustained by any person arising out of the operation or use of the vehicle, unless such security has been provided by the owner in accordance with this section which does not exclude said person from coverage. Proof of such security shall be carried in the vehicle at all times and shall be produced for inspection upon request by any law enforcement officer or representative of the Department and, in case of collision, such proof shall be shown upon request of any person affected by the collision. . . .

effect of limiting the insurer's liability to an innocent victim *who was not a party to the contract,* we find the clause violative of the public policy embodied in 47 O.S.1981 § 7–601. [Footnote omitted.] [Emphasis supplied.]

¶ 10 The insurance policy in the present case defines "you" and "your" as:

1. The "named insured" shown in the Declarations; and

2. The spouse if a resident of the same household.

¶ 11 Under the legislative purpose stated in *Young,* the exclusion found to be valid in *Looney* would have, most likely, been found to violate § 7–601. The *Looney* claimant was an "insured" only by policy definition which included the spouse of the named insured. She was not a named insured, and she was not a contracting party. The *Young* claimant fell within a policy-defined group of persons under age 25, who were relatives of the insured, but who do not live in the same household. The Court found he was in that group through no choice of his own, as he was not a party to the contract. The Court held the exclusion invalid and held a contract provision eliminating the minimum protection afforded by § 7–601, designed to protect the innocent victim, violated § 7–601 and was void as against public policy.

■ ¶ 12 In the instant case, the claimant, Eileen, came within the household exclusion as a named insured and a spouse. She was also a party to the contract. The question in this case, therefore, is whether a named insured who was a party to the contract, can also be deemed an "innocent victim", for whom protection under § 7–601 was intended. We hold that she may not be.

¶ 13 Rush argued below that the household exclusion in automobile liability policies was held invalid and against public policy as a violation of the compulsory liability statutes, in *Nation v. State Farm Ins. Co.,* 1994 OK 54, 880 P.2d 877. The injured claimant, the five-year old son of the named insured, was killed in an accident in which his father was driving. In the majority opinion, the Court held the household exclusion as to the child

was invalid, stating at 1994 OK 54, 880 P.2d 877, 878:

It is the Court's judgment today that upon the facts of this case the household exclusion is invalid insofar as it attempts to defeat the legislature's mandate of a minimum amount of liability insurance coverage available for persons *in the position of the deceased passenger here* .... [Emphasis supplied.]

¶ 14 In the concurring opinion, Justice Summers quoted with approval a federal case which had considered the exact issue involved in *Nation.* See *State Farm Mut. Ins. Co. v. Schwartz,* 933 F.2d 848 (10th Cir.1991). In construing Oklahoma law, the federal appellate court considered the distinction between children as "insureds", as defined by the policy, and a "named insured". The Court stated:

While the linguistic distinction between a "named insured" and an "insured" may not be significant, it does point to a more serious problem. The spouse of the policy holder is much more likely than the children of the policyholder to be a true consenting party to the contract. It is highly unlikely that household members such as minor, unemancipated children will have consented, or are legally able to consent, to the terms of the insurance contract. [Footnote omitted.]

■ ¶ 15 None of the cases cited by either party specifically address the factual scenario of the present case, i.e., wherein a specifically named insured is injured while riding as a passenger of a car driven by another specifically named insured, both of whom were parties to the contract. As parties to the contract, both Billy Joe and Eileen were free to waive the protection given them by the compulsory liability statute. The cases cited by both parties involve factual settings in which liability policies exclude coverage for innocent passengers who were not parties to the contract. In those cases, except for *Looney,* supra, the exclusions based only on being a member of the household were found to violate our compulsory liability statute because their protection was contracted away by the policy holders. In the instant case, the policy holders contracted away *their own*

protection under § 7–601. We hold they were entitled to do so.

¶ 16 Summary judgment is proper, where there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Erwin v. Frazier*, 1989 OK 95, 786 P.2d 61; *Thompson v. Peters*, 1994 OK CIV APP 97, 885 P.2d 686 (Cert. Denied 1994).

¶ 17 Although Rush alleged in the petition initiating this case that Billy Joe's negligence was the cause of Eileen's death, which Brown denied, neither the motion for summary judgment nor the Joint Stipulation of Undisputed Facts contain such an admission. However, we hold that, under Oklahoma compulsory liability law, Eileen, who was a named insured passenger and a contracting party, was not an innocent victim that law intended to protect. Under *Young v. Mid–Continent Cas Co.*, supra, we hold the Supreme Court indicated that the bargaining power of policy holders of liability policies was not eliminated by the compulsory liability coverage statutes, requiring a minimum of protection "to any party who is not a party to the contract". *Id.*, at 1088. Because the issue of whether a party to the contract, such as Eileen who was also a named insured and an injured passenger, can qualify as an "innocent victim" appears to us to be left open by *Young*, as well as the other cases cited, we hold the trial court in this case erred by granting summary judgment in favor of Rush. As a matter of law, Garnishee was entitled to judgment.

¶ 18 The judgment is reversed, and this case is remanded to the trial court with directions to enter judgment for Appellant.

¶ 19 REVERSED AND REMANDED WITH DIRECTIONS.

BUETTNER, P.J. and JOPLIN, J., concur.