COLE, Judge.
The Aetna Casualty & Surety Company (Aetna), plaintiff-appellant, brought suit against Joseph Melancon, defendant-appel-lee, to recover the alleged double payment of a claim made by the defendant. The trial court rendered judgment in favor of the defendant, dismissing the plaintiff’s claim. We reverse.
On October 1, 1974, an automobile accident occurred involving the defendant and Aetna’s insured. Aetna’s liability resulting from the accident is undisputed. Pursuant to an appraisal of the defendant’s property damage to his automobile, Aetna issued a check on October 10, 1974, to the defendant in the amount of $694.03. Since the defendant had not received this check by October 15, 1974, Aetna issued a stop-payment order. Aetna then issued a second check on October 30, 1974, in the amount of $694.03 payable to the defendant and his attorney, Stanley L. Perry, and sent the second check to the defendant’s attorney. At some point after Aetna had informed the defendant it would issue a second check, the defendant received the first check.
After the accident, the defendant’s automobile was turned over to AAA Body and Fender Works (AAA). Upon completion of the work, the defendant picked up his vehicle and endorsed the first Aetna check (dated October 10) and gave it to AAA in payment of the work done. When AAA presented the check for payment, it was not honored due to the stop-payment order previously issued by Aetna.
AAA informed Aetna that the check had not been honored. Aetna issued a third check dated December 3, 1974, in the amount of $694.03 payable to AAA. Aetna wrote a letter to the defendant’s attorney on December 3 informing him of the situation and requested that the defendant return the second check issued (on October 30). On December 9, 1974, the defendant’s attorney responded to Aetna and claimed that the repair work had been done unsatis *719 factorily and protested the payment by Aet-na to AAA. It was later discovered by Aetna that the second check (dated October 30) had been previously endorsed by the defendant and deposited to his attorney’s account. Aetna wrote several letters to the defendant’s attorney requesting payment of the amount of $694.03, claiming that the defendant had received double payment of the property damage claim. When no reimbursement was forthcoming, Aetna filed suit against the defendant.
It is undisputed that the defendant is entitled to payment of $694.03 for the property damage he sustained in the accident with Aetna’s insured. It is also undisputed that Aetna made two payments of $694.03. The question presented on appeal is whether Aetna may recover from the defendant one of the two payments.
In reaching a decision in favor of the defendant, the trial court basically reasoned that Aetna was without authority to pay AAA with the third check (dated December 3). The trial court held that the payment to AAA did not constitute payment to the defendant and that the suit to recover $694.03 should have been brought against AAA. The trial court reasoned that because the defendant did not authorize Aet-na to honor the October 10 check, the payment by Aetna was a gratuity. However, the defendant negotiated the October 10th check to AAA as payment for the repairs.
The sequence of events involved in this case arose in 1974. Therefore, the rights and obligations of the parties involved herein are governed by the former Negotiable Instrument Law, Title 7 of the Louisiana Revised Statutes, which remained in effect until January 1, 1975.
All of the evidence presented at trial establishes that the check issued by Aetna on October 10, 1974, was a valid negotiable instrument. See La.R.S. 7:1, et seq. At the time of the defendant’s negotiation by his endorsement and delivery of the check to AAA in payment of his obligation to AAA, AAA was unaware of the stop-payment order. See La.R.S. 7:30. Under these circumstances, AAA became a holder in due course. La.R.S. 7:52.
As a holder in due course, AAA had a right to enforce payment of the check against either the defendant (as endorser) or Aetna (as drawer). La.R.S. 7:57. Any dispute between the defendant and AAA as to the quality of the repairs has no bearing on Aetna’s obligation to AAA as holder in due course of the check.
Upon demand by AAA, Aetna issued a third check (dated December 3) to honor its obligation as drawer of the October 10 check to the holder in due course, AAA. La.R.S. 7:151, 185.
The defendant (or his attorney) were issued two checks, both of which were negotiated for value. When the defendant received the October 10th check, he negotiated it to AAA as payment for the repairs to his vehicle. When he received the October 30 check, he endorsed it and it was deposited to his attorney’s account. Clearly, the defendant was paid twice, once when he negotiated the October 10 check in payment of the repairs, La.C.C. art. 2145(1), and he was paid again when he negotiated the October 30 check to his attorney. Consequently, Aetna has a right to recover the payment of the amount not due. La.C.C. arts. 2133, 2294, 2301.
Therefore, for the foregoing reasons, the judgment of the trial court is reversed and judgment is now rendered in favor of plaintiff, The Aetna Casualty & Surety Company, and against the defendant, Joseph Me-lancon, for the sum of $694.03, plus legal interest thereon from the date of judicial demand until paid. The costs of all proceedings herein are assessed against the defendant.
REVERSED AND RENDERED.