**CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON**
**SUBSCRIBING TO POLICY NO. NB050550C/7653/03, Plaintiffs**
**v.**
**JUAN GARCIA, Defendant**

Civil Nos. SX-07-CV-141, SX-08-CV-404

Superior Court of the Virgin Islands

Division of St. Croix

November 25, 2015

WARREN B. COLE, ESQ., Hunter & Cole, Christiansted, St. Croix, USVI, *Attorney for the Plaintiffs*.

MARK L. MILLIGAN, ESQ., Mark L. Milligan, P.C., Christiansted, St Croix, USVI, *Attorney for the Defendant*.

MOLLOY, *Judge*.

## MEMORANDUM OPINION

(November 25, 2015)

**THESE MATTERS** came before the Court on Plaintiffs' Motion for Summary Judgment filed on December 13, 2011, and Defendant's Cross-motion for Summary Judgment filed on January 20, 2012.[1] The Court held a hearing on these motions on November 9, 2015. For the reasons stated below, the Court will grant summary judgment in favor of Defendant.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 17, 2004, Defendant Juan Garcia purchased an automobile insurance policy issued by the Plaintiffs Certain Underwriters at Lloyd's of London. This policy insured the Defendant and his 1990 Ford Escort. The policy included several endorsements, one of which required the Defendant to reimburse the Plaintiffs for any damages caused by a driver of the vehicle under the age of twenty-five. On November 17, 2004

---

[1] The Court consolidated these matters in a September 20, 2013 Order.

Defendant permitted his son, Ronnie Garcia, to drive his Ford Escort. At the time, Ronnie Garcia was under the age of twenty-five. Ronnie Garcia was involved in an automobile collision on that day. The collision caused several thousands of dollars in damages to two individuals, and property damage to a church. Plaintiffs settled the damages claims with these claimants under its obligations under Defendant's policy and under the Virgin Islands compulsory insurance laws.

On March 13, 2007, Plaintiffs filed a complaint against Defendant seeking reimbursement for the monies Plaintiffs paid to the three parties claiming damages from the collision. This complaint also claimed that the Plaintiffs' payouts unjustly enriched the Defendant. On August 8, 2008, Plaintiffs filed another complaint in this Court claiming the same causes of action against the same Defendant. Defendant answered this complaint on September 18, 2008. Defendant moved to dismiss the case filed against it on March 13, 2007 because it was identical to the 2008 case. On September 20, 2013, the Court consolidated these cases in lieu of dismissing either one of them. Plaintiffs filed a motion for summary judgment on December 13, 2011. Defendant filed a cross-motion for summary judgment on January 20, 2012. The Court held a hearing on these motions on November 9, 2015. Attorney Warren B. Cole appeared for the Plaintiffs. Attorney Mark L. Milligan appeared for the Defendant.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *United Corp. v. Tutu Park, Ltd.*, 55 V.I. 702, 707 (V.I. 2011) ("Because summary judgment is a drastic remedy, it should be granted only when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.' "). "Facts that could alter the outcome are 'material facts' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." *Clark v. Modern Group, Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993). Moreover, a factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

The Court must draw all reasonable inferences from the underlying facts in the light most favorable to the non-moving party. *Joseph v. Daily News Publishing Co., Inc.*, 57 V.I. 566, 581 (V.I. 2012). The Court's role in deciding a motion for summary judgment is not to determine truth, but rather to determine whether a factual dispute exists that warrants a trial on the merits. *Williams v. United Corp.*, 50 V.I. 191, 195 (V.I. 2008). Where such a factual dispute exists, the Court must deny summary judgment. On cross-motions for summary judgment, the Court applies the same standard as if only one party moved for summary judgment, but it "construes facts and draws inferences 'in favor of the party against whom the motion under consideration is made.' " *Pichler v. Unite*, 542 F.3d 380, 386 (3d Cir. 2008) (citations omitted).

## III. DISCUSSION

The Virgin Islands Compulsory Automobile Liability Insurance Act mandates that all automobiles operated on the public roads of the Virgin Islands be insured for certain minimum liability coverage amounts. 20 V.I.C. § 701 *et seq.* The omnibus clause of this law mandates that such an insurance policy

> shall insure the person named therein and any other person, as an in-sured, using any such vehicle or vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance, or use of such vehicle or vehicles in the Virgin Islands, subject to minimum coverage, exclusive of interest and costs, with respect to each vehicle . . . .

20 V.I.C. § 703(b).

The automobile insurance policy Plaintiffs issued to the Defendant included endorsement U-25-02, which reads:

> I/We fully understand that should I/We elect to secure My/Our automobile insurance and exclude drivers or operators who have not attained the age of twenty-five (25) and choose not to pay the additional premium required for coverage of such underage drivers, that I/We will reimburse the insurer(s) providing coverage under this policy of insurance for any payments made by my/our insurer in accordance with the Compulsory Automobile Insurance Law of the Virgin Islands,

Act No. 6287, Title 22 [sic] of the Virgin Islands Code, Section 703, (b) I/We further agree to reimburse and pay my/our insurer for any and all damages, costs or fees whether for bodily injury or property damage that my/our insurer pays under our policy as a result of any and all accidents that may be deemed caused by any driver or operator who is under the age of twenty-five (25) and who is not listed on the policy as named insured(s).

Pl's Mot. for Summ. J. Ex. A. at 2.

█ At the hearing on the motions for summary judgment, both parties agreed that the omnibus clause required Plaintiffs to provide coverage for the collision in this matter. The issue, instead, is whether endorsement U-25-02 permitted the Plaintiffs to seek reimbursement from Defendant for that coverage, specifically the monies Plaintiffs paid out for damages which stemmed from the collision. Accordingly, the dispositive question before the Court is whether the endorsement requiring reimbursement conforms to the requirements of the Virgin Islands Compulsory Automobile Liability Insurance Act, specifically the omnibus clause. If not, the endorsement is superseded and invalidated by the omnibus clause. 20 V.I.C. § 704(c)(3) ("The policy, the written application therefor, if any, and any rider or endorsement which does not conflict with the provisions of this Chapter shall constitute the entire contract between the parties."); *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820, 824 (V.I. 2013) ("[the Virgin Islands'] statutory omnibus clause supersedes and invalidates any conflicting policy provision.").

A previous decision of this Court addressed a similar issue. In *Guardian Insurance Co. v. Khalil*, Defendant Khalil, the insured, allowed his son, Rahahleh, to drive his car. Rahahleh was involved in a collision and Guardian, the insurance company, paid claims related to that collision. The court applied Title 20, Section 703 of the Virgin Islands Code, and determined that Plaintiff Guardian Insurance was obligated to insure Rahahleh under Virgin Islands law. *Guardian Ins. Co. v. Khalil*, 63 V.I. 3, 14 (V.I. Super. Ct. 2012) ("the Court finds, as a matter of law, that Guardian had the duty to insure Rahahleh."). But the court also allowed the insurance company to seek indemnification from the insured for the damages caused by Rahahleh, pursuant to a provision of the insured's insurance policy titled "Exclusion of Drivers Under 26 Years of Age." That provision provided that "[i]t is agreed that the insurance

afforded by this policy shall not apply with respect to any claim or loss arising from accidents which occur while any automobile is being operated by any person who has not attained the age of Twenty-Six (26) years." *Id.* at 12. The court reasoned that "it is fair and equitable, based on the facts, that [the insured] compensate [the insurance company] for the expenditures related to the claims and defense thereof." *Id.* at 15 . The court further explained that "[the insured] enjoyed the benefit of [the insurance company's] involvement, since Guardian had to incur these expenses because of Section 703 with respect to Rahahleh, and because of several provisions in the policy with respect to both Rahahleh and [the insured]." *Id.* at 15.

After *Khalil*,[2] the Virgin Islands Supreme Court decided *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820 (V.I. 2013). In that case, Defendant Camira Joseph allowed her eighteen-year-old brother, Sheldon Joseph, to use her insured automobile. Joseph's insurance policy contract included an endorsement that excluded liability coverage for any drivers under the age of twenty-five. The Supreme Court applied the statutory omnibus clause to invalidate this endorsement, explaining that "under section 703(b), drivers like Sheldon Joseph, who operate an insured vehicle with permission from the named insured, must be extended automobile insurance for the compulsory policy limits, regardless of whether that driver may be excluded from coverage by the terms of the insurance policy." *Joseph*, 59 V.I. at 825. Accordingly, the Court found that "[t]he endorsement excluding any driver or operator under the age of twenty-five from coverage under the policy at issue in this case thus conflicts with the statutory omnibus clause and is invalid to the extent of the statutory minimum liability coverage." *Id.*

Plaintiffs argue that the endorsement at issue in this case is different than the one in *Joseph* and therefore warrants a different outcome than that case. Pl.'s Supp. Br. at 4 ("the facts of *Joseph* can be distinguished

---

[2] The Virgin Islands Supreme Court heard an appeal of *Guardian Ins. Co. v. Khalil* on the issue of attorneys' fees but did not reach the merits of the case. The Court noted, however, that "[i]n reaching the decision herein, we express no opinion on the correctness of the Superior Court's July 30, 2012 Opinion. In fact, we recognize that the July 30, 2012 Opinion may require reexamination in light of our recent decision in *Joseph v. Inter-Ocean Ins. Agency, Inc.*, 59 V.I. 820 (V.I. 2013). Nevertheless, this concern is not sufficient to warrant disregard of traditional appellate procedure by undertaking review of an otherwise untimely civil appeal." *Khalil v. Guardian Ins. Co.*, 59 V.I. 892, 897 n.2 (V.I. 2013).

from the instant case, as the basis for the court's opinion lay in part on the language of the Inter-Ocean insurance policy, language which differs in key respects to the applicable policy here."). Specifically, Plaintiffs point out that the endorsement at issue in this case did not deny coverage to drivers under a certain age, but instead it required reimbursement for any payments Plaintiffs made for damages caused by drivers under the age of twenty-five. *Id.* Plaintiffs argue that this key difference makes endorsement U-25-02 comport with Virgin Islands law. *Id.* ("in the instant case, the language of the policy does not include a provision excluding coverage in violation of the VI statute; instead it states that the insured will be responsible for reimbursing any costs sought.") (emphasis omitted).

The plain language of the endorsement at issue in this case does not support Plaintiffs' argument. The first sentence of the endorsement unambiguously states that it "exclude[s] drivers or operators who have not attained the age of twenty-five." Pl's Mot. for Summ. J. Ex. A. at 2. This exclusion is impermissible under *Joseph*. 59 V.I. at 825 ("The endorsement excluding any driver or operator under the age of twenty-five from coverage under the policy at issue in this case thus conflicts with the statutory omnibus clause and is invalid to the extent of the statutory minimum liability coverage."). Regardless, as explained above, Plaintiffs concede that the omnibus clause required them to provide coverage for the collision in this matter. But they seek reimbursement under the terms of the endorsement for monies they paid pursuant to that coverage. Accordingly, the Court will next determine whether the reimbursement clause of the endorsement survives after *Joseph*.

In *Joseph* the Supreme Court determined that the insurance company, "Inter-Ocean[,] had no right to seek reimbursement from Defendant Joseph under the insurance contract's subrogation clause." *Joseph*, 59 V.I. at 826. The Court explained that "[b]y definition, subrogation can arise only with respect to the rights of an insured against third persons to whom the insurer owes no duty. It follows and, indeed, is now well established that an insurer cannot recover by means of subrogation against its own insured." *Id.* (citations omitted). The Court went on to explain that "since the policy endorsement excluding liability coverage for anyone under the age of twenty-five who drives or operates Joseph's vehicle is invalid and unenforceable, Inter-Ocean had no right to

seek reimbursement or indemnification from Joseph under a breach of contract theory." *Id.*

In this case, the endorsement at issue purports to require Defendant to reimburse Plaintiffs for "all damages, costs or fees whether for bodily injury or property damage that my/our insurer pays under our policy as a result of any and all accidents that may be deemed caused by any driver or operator who is under the age of twenty-five." Pl's Mot. for Summ. J. Ex. A. at 2. Reimbursement is commonly defined as "repayment" or "indemnification." BLACK'S LAW DICTIONARY 1476 (10th ed. 2014).

■ While *Khalil*, a pre-*Joseph Khalil* decision permitted, the insurance company in that case to seek indemnification from the insured, the *Joseph* decision stands for the proposition that an insurance company cannot seek reimbursement from an insured for payments from a claim that it was already under a legal duty to pay for pursuant to Virgin Islands law. Here, Plaintiffs are seeking indemnification from one of its insured. The Court finds that this is impermissible under *Joseph* and under the Virgin Islands Compulsory Automobile Liability Insurance Act. Thus, because the *Khalil* decision conflicts with the Virgin Islands Supreme Court's ruling in *Joseph*, the Court will decline to follow *Khalil* and finds that the decision in *Joseph* is dispositive in this matter. Accordingly, the Court finds that endorsement U-25-02 is invalid and unenforceable and Plaintiffs cannot seek indemnification from Defendant.

■ Plaintiffs' unjust enrichment claim must fail as well. "Unjust enrichment is an equitable quasi-contract cause of action, imposing liability where there is no enforceable contract between the parties 'but fairness dictates that the plaintiff receive compensation for services provided.' " *Cacciamani & Rover Corp. v. Banco Popular de Puerto Rico*, 61 V.I. 247, 251 (V.I. 2014) (citations omitted). To prove unjust enrichment, a plaintiff must show: "(1) that the defendant was enriched, (2) that such enrichment was at the plaintiffs expense, (3) that the defendant had appreciation or knowledge of the benefit, and (4) that the circumstances were such that in equity or good conscience the defendant should return the money or property to the plaintiff." *Walters v. Walters*, 60 V.I. 768, 779-780 (V.I. 2014). In this case, there is no dispute that the Defendant paid his premiums in return for insurance coverage. Plaintiffs argued at the hearing on the motions for summary judgment that Defendant was unjustly enriched by choosing not to purchase the higher priced insurance which would have covered drivers under twenty-five.

506

But as the Court explained in *Joseph*, "section 703 mandates that a motor vehicle liability policy 'insure the person named therein and any other person, as an insured, using any such vehicle or vehicles with the express or implied permission of such named insured. . . .' 20 V.I.C. § 703(b)." *Joseph*, 59 V.I. at 825. Rejecting the insurance company's unjust enrichment argument, the Court explained that the insured in that case "has not been unjustly enriched, since she was under absolutely no obligation to pay extra to have her brother insured under her policy — on the contrary it was Inter-Ocean, by attempting to charge Joseph additional money to provide coverage it was required to provide under section 703, which sought to receive a windfall in this case." *Id.* Similar circumstances are present in this case, and the Court will not permit the Plaintiffs to reap a similar windfall. Accordingly, the Court finds that endorsement U-25-02 is superseded and invalidated by the omnibus clause, and it will therefore not allow Plaintiffs to seek reimbursement from the Defendant. Furthermore, the Court will dismiss Plaintiffs' claim for unjust enrichment.

## IV. CONCLUSION

Because section 703 required Plaintiffs to provide coverage for any claims arising out of the permissive use of Defendant's vehicle, Plaintiffs were required to insure Defendant and any drivers he allowed to drive his covered vehicle. Accordingly, Plaintiffs may not seek reimbursement from Defendant for monies they paid pursuant to their duties to insure under Virgin Islands law for a collision involving Defendant's vehicle. Similarly, Defendant was not unjustly enriched when Plaintiffs paid claims related to the collision involving the Defendant's insured vehicle. For the reasons stated above, the Court will grant summary judgment in favor of Defendant Garcia. An appropriate Judgment follows.